UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD ROBBEN, | No. 2:17-cv-0532 WBS GGH |
| Petitioner, | |
| v. | ORDER |
| JOHN DAGOSTINI, et al., | |
| Respondents. | |

Petitioner is proceeding in pro se with the above-entitled action. On July 12, 2017 this court issued an Order directing the Respondent to file a Response to the Petition for Habeas Corpus within sixty days from the date of the Order. ECF No. 12. On July 28, 2017 the El Dorado District Attorney's Office filed a response seeking to dismiss the Petition on the grounds of abstention, lack of federal court jurisdiction and failure to exhaust state remedies. The petitioner shall have 45 days from the date of this Order to file an opposition to the Motion found at ECF No. 15. Alternatively, petitioner may choose to bring the matter before the Sacramento Superior Court in an effort to exhaust his remedies, but petitioner shall inform this court by way of asking for a stay of this action if he chooses to go this route.

Also pending on the court's docket are petitioner's motions to appoint counsel, ECF No. 16, and to Compel Production of Documents by the California Supreme Court. ECF No. 17.

////

////

1

A.  *Appointment of Counsel*

There currently exists no absolute right to appointment of counsel in habeas proceedings. See, *e.g.*, Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir. 1958); Mitchell v. Wyrick, 727 F.2d 773, 774 (8th Cir. 1984). However, Title 18 U.S.C.§ 3006A(a)(2)(B) authorizes the appointment of counsel at any stage of the case if "the interests of justice so require." See Rule 8(c), Rules Governing Section 2254 Cases.

In the present case, the Court does not find that the interests of justice require the appointment of counsel at the present time. Respondent has only recently filed a Response (Motion to Dismiss) to the Petition on May 4, 2017. ECF No. 10. As a result Petitioner's request for appointment of counsel is denied without prejudice.

B.  *Discovery Motion*

The scope of federal habeas corpus is subject to the terms of the Antiterrorism and Effective Death Penalty Act of 1996 [AEDPA] 28 U.S.C. section 2254. Under the Supreme Court Decision in Cullen v. Pinholster, 563 U.S. 170, 1315 S.Ct. 1388 (2011), no discovery can be permitted unless there has been a decision of the state appellate court in the case pending that has been found to be AEDPA unreasonable on the record before that appellate court. "We now hold that review under § 2254(d)(1)(3) is limited to the record that was before the state court that adjudicated the claim on the merits. Id. at 563 U.S. ___, 1315 S.Ct. at 1401.

In so far as there is no state record known to this court that can be reviewed, the opportunity for the discovery that petitioner seeks is not available in this forum, but might be available in a state court proceeding.

Based upon the foregoing, IT IS HEREBY ORDERED that:

1.  The petitioner shall either oppose Respondent's Motion to Dismiss within 45 days of the entry of this Order, or he may seek a stay of proceedings in this court in order to raise the issue before the state court pursuant to the Supreme Court's decision in Rhines v. Weber, 544 U.S. 269, 270 (2005);

2.  Petitioner's request for appoint of counsel is DENIED;

3.  Petitioner's request for discovery is DENIED;

4. The court's order of July 12, 2017, ECF No. 12, directing the Attorney General of the State of California to respond to the Petition is withdrawn;

5. The Motion to Dismiss by the District Attorney of El Dorado County is adopted as the Response to the Petition.

**IT IS SO ORDERED**.

Dated: August 7, 2017

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE