UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD ROBBEN,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>JOHN D'AGOSTINI,<br><br>　　　　Respondent. | No. 2:17-CV-0532 GGH HC<br><br>ORDER & FINDINGS AND RECOMMENDATIONS |

*Introduction*

Petitioner is proceeding pro se with a petition for writ of habeas pursuant to 28 U.S.C. § 2241. Pending before the court is respondent's motion to dismiss on the grounds that petitioner has failed to exhaust state remedies as required pursuant to § 2241 and for failure to raise a cognizable claim. ECF No. 15. Petitioner has filed an opposition, ECF No. 22, which respondent has filed a reply. ECF No. 33. After carefully reviewing the filings, the court now issues the following findings and recommendations recommending dismissal.

*Background*

Petitioner is a pretrial detainee currently awaiting trial on pending criminal charges in El Dorado County Superior Court. ECF No. 1 at 1. Petitioner is challenging his pretrial detention and the validity of the charges filed against him. ECF Nos. 1 at 2.

////

1

Case No. P17CRF0089

On March 8, 2017, petitioner appeared in custody for an arraignment in El Dorado County Superior Court before Judge Daniel B. Proud for Case No. P17CRF0089. ECF No. 15 at 3; 15-4. The court's minute order reflects that defendant was arraigned, advised of his right, informed of the charges against him, a plea of not guilty was entered, and bail was denied and set at $0. ECF No. 15-5 at 2-3. However, the court transcript only reflects that due to the constant interruption from petitioner, Judge Proud was only able to confirm petitioner's name, refer attorney David Brooks for appointment of counsel due to the public defender and a number of conflict attorneys having a conflict of interest, and set a pre-preliminary hearing for March 14, 2017, and a preliminary hearing on March 16, 2017. ECF No. 15-4 at 2-5.

On March 14, 2017, petitioner appeared in custody with attorney David Brooks in El Dorado County Superior Court before Judge Gary Haun. ECF No 15-7 at 2-3. The matter was continued to March 21, 2017, for assignment of a new attorney due to attorney Brooks having a conflict. ECF No. 15-6 at 3-4. The Deputy District Attorney at that time requested if the arraignment could be completed, however, when the court asked petitioner, he declined. ECF No. 15-6 at 3. Time was not waived. ECF No. 15-17 at 2.

On March 21, 2017, petitioner appeared in pro se in El Dorado County Superior County before Judge Daniel B. Proud. ECF No. 15-12 at 2-3. The matter was transferred to Judge Curtis M. Fiorini in Sacramento County Superior Court at the direction of the Presiding Judge. ECF No. 15-11 at 3. During the hearing, the Deputy District Attorney asked the petitioner if he wished to be arraigned or delay time in order to file a demurrer. Id. Petitioner refused to answer, indicating he was filing a motion to disqualify and intending to sue both the Deputy District Attorney and the District Attorney. Id. When repeatedly asked whether petitioner wished to be arraigned or waive time, petitioner refused to answer and continued to contest the court's jurisdiction and the legality of his imprisonment. ECF No. 15-11 at 4-5. The court proceeded to arraign petitioner, advising him of his rights and informing of the charges against him. ECF No. 15-11 at 5-7. The court entered a plea of not guilty on the defendant's behalf and did not waive time. ECF No. 15-11 at 8.

2

Case No. P17CFR0014

On March 23, 2017, an El Dorado Superior Court grand jury indicted petitioner on three counts of criminal threats, one count of threatening a witness, two counts of threatening a public officer, and three counts of attempted threatening a public officer in case number P17CFR0114. ECF No. 15-13 at 2-6. This indictment included and superseded the conduct charged in P17CFR0089. ECF No. 15-16 at 2. The case was transferred and a hearing was set in Sacramento County Superior Court before Judge Curtis M. Fiorini pursuant to judicial notice of the minutes in Case No. P17CRF0089 ordering a transfer. ECF No. 15-18 at 2. Attorney John Casey was appointed to represent petitioner.

On April 14, 2017, petitioner was arraigned and advised of his rights in Sacramento Superior Court before Judge Curtis M. Fiorini on Case No. P17CFR0114. ECF No. 15-19 at 2. A plea of not guilty was entered and a hearing for bail was set for April 21, 2017, and for a jury trial on June 5, 2017. Id. On April 21, 2017, attorney John Casey declared a legal conflict and was granted his request to be relieved. Id. The court appointed attorney Russ Miller to represent petitioner. Id. Attorney Miller accepted the appointment and the hearing was continued for bail motion and further proceedings to April 28, 2017. Id. On April 28, 2017, Attorney Miller requested and was granted a continuance to May 15, 2017. Id. On May 15, 2017, petitioner was granted his motion to lift his detainer hold. Id. Motions for continuance of trial were granted to June 7, 2017. See ECF No. 15-19 at 6.

On May 2, 2017, Petitioner filed a writ of habeas corpus in Case Nos. P17CRF0089 and P17CRF0114 in Sacramento County Superior Court. ECF No. 15-20 at 2. The petition was denied for a failure to exhaust existing remedies available to him. Id.

On June 7, 2017, petitioner filed a Code of Civil Procedure § 170.1 challenge as to Judge Fiorini. ECF No. 15-22; 15-19 at 8. The case was subsequently reassigned to Judge Steve White for all purposes. ECF No. 15-19 at 8; 15-24 at 2. Petitioner also sought to disqualify Judge White for cause pursuant to Code of Civil Procedure § 170.4(b), but the motion was stricken by order for being "legally insufficient" and lack of "legal grounds for disqualification." ECF No. 15-25 at 2-5.

On July 26, 2017, the California Supreme Court denied petitioner's petition for writ of habeas corpus citing to People v. Duvall 9 Cal.4th 464, 474 (1995) for the proposition that "a petition for writ of habeas corpus must include copies of reasonably available documentary evidence;" and In re Swain 34 Cal.2d 300, 304 (1949) for the proposition that "a petition for writ of habeas corpus must allege sufficient facts with particularity." ECF No. 33-4.

On August 7, 2017, a hearing was held on petitioner's motion to disqualify the Deputy District Attorney from the case, the court denied the motion. ECF No. 33-2. On August 21, 2017, a hearing was held on petitioner's Marsden motion, the court denied the motion and set petitioner's trial date for September 11, 2017. Id.

*Legal Standards*

28 U.S.C. § 2241 provides the courts with jurisdiction to consider a habeas petition brought by a federal pretrial detainee. However, "as an exercise of judicial restraint, [ ] federal courts elect not to entertain habeas corpus challenges to state court proceedings until habeas petitioners have exhausted state avenues for raising federal claim." Carden v. State of Mont., 626 F.2d 82, 83 (9th Cir. 1980).[1] This exhaustion requirement serves two fundamental purposes: (1) it "preserves the role of state courts in the application and enforcement of federal law" by avoiding to "isolate [state] courts from constitutional issues, and thereby remov[ing] their understanding of and hospitality to federally protected interests;" and (2) it "preserves orderly administration of state judicial business, preventing the interruption of state adjudication by federal habeas proceedings." Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 490 (1973). Moreover, unless there are exceptional circumstances, relief pursuant to Section 2241 is only available if all other judicial remedies have been exhausted. Jones v. Perkins, 245 U.S. 390, 291-92.

---

[1] "Prior to Braden, we adhered to this rule as a logical implication of the abstention doctrine announced in Younger v. Harris, 401 U.S. 37, 91 S. Ct. 746, 27 L.Ed.2d 669 (1971) which precludes federal injunctions of pending state criminal prosecutions absent "extraordinary circumstances." In Drury v. Cox, 457 F.2d 764, 764-65 (9th Cir. 1972), we stated that 'only in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts.'" Carden at 83-84.

4

*Discussion*

Here, petitioner challenges the validity of the criminal charges filed against him and the validity of his custody due to a lack of jurisdiction, conflict of interests, excessive bail, cruel and unusual punishment and right to an attorney. ECF No. 1 at 6-8. Petitioner argues that El Dorado Superior Court lacks jurisdiction to preside over his case due to the entire bench having been recused in two of his previous cases. ECF No. 1 at 6-7. Petitioner also argues conflict of interests exists with the Chief Justice of the California Supreme Court and the Judicial Council of California; and a conflict of interest exists with the El Dorado District Attorney Vern Pierson and the Deputy District Attorney Dan Gomes. ECF No. 1 at 7. Petitioner also alleges violations due to excessive bail, cruel and unusual punishment, and right to an attorney for being in jail without formal charges and a court-appointed attorney who is conflicted out. ECF No. 1 at 6-8.

Petitioner contends the filing of a writ of habeas corpus with the California Supreme Court relating to his pretrial detention meets the exhaustion requirement. ECF No. 24. However, it is clear in this case that the California Supreme Court's denial of the petition on procedural grounds does not exhaust available state remedies. See ECF No. 24 at 5 ("The petition for writ of habeas corpus is denied[;]" citing to People v. Duvall 9 Cal.4th 464, 474 (1995) ("a petition for writ of habeas corpus must include copies of reasonably available documentary evidence"); and to In re Swain 34 Cal.2d 300, 304 (1949) ("a petition for writ of habeas corpus must allege sufficient facts with particularity".)) "If the denial of the habeas corpus petition includes a citation of an authority which indicates that the petition was procedurally deficient or if the California Supreme Court so states explicitly, then the available state remedies have not been exhausted as the California Supreme Court has not been given the required fair opportunity to correct the constitutional violation." Harris v. Superior Court of State of Cal., Los Angeles Cty., 500 F.2d 1124, 1128 (9th Cir. 1974); see also McQuown v. McCartney, 795 F.2d 807, 810 (9th Cir. 1986) ("If a state court denies a petition for post-conviction relief or a habeas petition on procedural grounds, the exhaustion requirement is not necessarily met […] [t]he petitioner may still be able to use available procedures to give the state court a first opportunity to rule on the merits of his federal claims.") (citations omitted).

However, In Kim v. Villalobos, 799 F.2d 1317 (9th Cir. 1986), the Ninth Circuit clarified that the Swain citation was not an inexorable command to dismiss for lack of exhaustion. If after review of the state supreme court petition, the federal court believes that the facts and claims were stated with sufficient particularity for purposes of federal exhaustion, i.e., there was a fair enough presentation, the federal court would proceed to the merits. The same principle would apply to a Duvall citation. See Prombrio v. House, 631 F. Supp. 2d 1247, 1252 (C.D. Cal. 2009).

The undersigned has reviewed the petition filed with the state supreme court. ECF No. 58. The alleged California trial court jurisdictional defects of which petitioner claims are not spelled out in any justifiable particularity, and the ineffective assistance of counsel claim, are also mere conclusions.

For these reasons, the court finds that the claims raised in the instant petition have not been fairly presented to the California Supreme Court. Because the claims are not exhausted, the petitioner should be dismissed.

*Miscellaneous Motions*

Also before the court is petitioner's ex-parte motion for a hearing (ECF No. 5), motion to expedite the decision (ECF No. 7), motion for a court order requesting the facility to provide inmate debt fund and other miscellaneous relief (ECF No. 9), motion to expedite the petition (ECF No. 10), and a motion for an extension of time to file a response to the motion to dismiss (ECF No. 21). In light of the recommendation that the petition be dismissed, the motions for a hearing, to expedite the decision, to expedite the petition, and extension of time to file a response to the motion to dismiss will be denied as moot. Moreover, petitioner's motion for access to the law library and production of an inmate debt fund and certification fails to demonstrate that plaintiff is being unlawfully deprived of law library access. Accordingly, this motion will be denied.

*Conclusion*

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's ex-parte motion for a hearing (ECF No. 5) is DENIED as moot;
2. Petitioner's motion to expedite the decision (ECF No. 7) is DENIED as moot;

3. Petitioner's motion for a court order requesting the facility to provide inmate debt fund and other miscellaneous relief (ECF No. 9) is DENIED;

4. Petitioner's motion to expedite the petition (ECF No. 10) is DENIED as moot; and

5. Petitioner's motion for an extension of time to file a response to the motion to dismiss (ECF No. 21) is DENIED as moot.

IT IS FURTHER RECOMMENDED that the petition be dismissed for lack of exhaustion.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections should be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 28, 2018

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE